COPE, C.J.
Joshua A. Hamilton appeals his convictions for manslaughter[1] with a firearm and resisting arrest without violence. We affirm.
Defendant-appellant Hamilton argues that the trial court erred by overruling defense objections to certain hypothetical questions the State asked the medical examiner regarding the position of the victim’s body when he was shot by the defendant. The court’s determination to allow the questions was within the court’s discretion. We agree with the trial court that there was no discovery violation regarding the medical examiner’s testimony. See Bush v. State, 461 So.2d 936, 938 (Fla.1984), clarified, State v. Evans, 770 So.2d 1174 (Fla.2000).
The defendant contends that the State made improper arguments during the State’s rebuttal. We agree that there were improper arguments, but conclude that the court’s failure to sustain the defense objections was harmless under the circumstances of this case.
Witness Nina Thompson had given a statement to the police in which she said she observed the confrontation between the defendant and the victim which led up to the shooting, and that she saw the shooting itself. She had observed the events from her apartment balcony. The next day, she called the police and told them that she had not actually seen the shooting occur. She had started to go back into the apartment when the gunshots began. Thus she saw the events just *1230 before and after the shooting but not the shooting itself.
The State sought to suggest that witness Thompson’s change in testimony occurred because of threats by Judy Richardson, the ex-girlfriend of the victim.[2] During the trial the court sustained defense objections to testimony regarding Ms. Richardson because the only evidence the State offered was inadmissible hearsay. The State attempted to have the investigating officer testify that Ms. Richardson had called him and told him that she had heard that Ms. Thompson was cooperating with the police, but that testimony was excluded as hearsay.
During the State’s rebuttal closing, the State argued, “Judy Richardson tells Sergeant Pino she has heard that Nina Thompson has been talking to the police.” TR. 570. The defense promptly objected. At a sidebar conference, the court’s recollection was that this fact had come into evidence. However, it had not. Thus, the objection should have been sustained.
The State proceeded to elaborate on this argument, drawing another defense objection which was also overruled. For the same reason, that objection should have been sustained.
We conclude, however, that under the circumstances of this case the error was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The only difference between Ms. Thompson’s first statement and second statement to the police was whether she actually saw the shooting occur. At the defendant’s trial, however, it was undisputed that the defendant shot the victim eleven times during an argument with the victim over money that the victim owed to the defendant. This occurred in front of a crowd of people in the Overtown area of Miami. The defendant shot the victim twice in the front, once in the side, seven times in the back, and once in the back of the arm. The defendant maintained that he shot the victim in self defense because he saw the victim reaching for a gun.[3]
Since it was conceded by the defense that the defendant shot the victim, and since the only difference between Ms. Thompson’s two statements was whether she actually observed the gunshots being fired, and since the alleged threats by Judy Richardson were not claimed to be brought about by the defendant, the error is harmless beyond a reasonable doubt.
The defense also contends that the State made an impermissible burden-shifting argument and that the court should have granted its motion for mistrial. At trial, the chief medical examiner testified in place of the doctor who had performed the actual autopsy, Dr. Fernandez. Dr. Fernandez had taken a job with the medical examiner’s office in Dallas, Texas. The chief medical examiner was designated to testify for the medical examiner’s office based on the work Dr. Fernandez had performed.
In closing argument, the defense argued that the State had engaged in an unfair tactic by this substitution. In its reply the State argued that this substitution was routine practice and did not involve any *1231 foul play. The State then said of defense counsel, “He wants you to look at this as something unfair because what we got out was a scenario that he can’t rebut and he doesn’t want you to consider it.” TR. 573 (emphasis added). The defense objected and stated that it had a motion. The trial court reserved on the motion.
After the State concluded its closing argument the court said:
THE COURT: Thank you, counsel. Ladies and gentlemen, now you heard all the closing arguments of the attorneys. You heard all the evidence in this case. As I reminded you several times, ladies and gentlemen, during the course of my limited instructions, what the attorneys say is not to be considered as evidence. Simply the State and only the State has the burden of proof in this case. The defense had no burden whatsoever.
At this time I will give you your instructions.
TR. 578 (emphasis added).
After the jury retired, the court considered the defense motion for mistrial, which was based on the theory that the State in its argument had impermissibly shifted the burden of proof to the defense. The court denied the motion, stating in part, “as you saw at the close of all the closing arguments, I reminded the jury the defense had no burden of proof in this case.” TR. 579. In so doing the court had granted an appropriate curative instruction. The motion for mistrial was correctly denied.
For the stated reasons, the convictions are affirmed.

. This was a lesser included offense of the charged offense of second degree murder.

. Ms. Thompson testified that she contacted the police to clarify her statement because her mother urged her to do so.

. The defendant gave a statement to the police claiming self defense. The statement was introduced into evidence, but the defendant did not testify at trial.